UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>TYRHE JOHNSON,<br><br>    Defendant. | Case No. 3:18-cr-00292-3<br><br>Judge Eli J. Richardson<br>Magistrate Judge Newbern |

# MEMORANDUM AND ORDER

This matter comes before the Magistrate Judge on the United States' motion for the detention of Defendant Tyrhe Johnson pending trial on three indicted charges: conspiracy to possess with the intent to distribute controlled substances, 21 U.S.C. § 846; possession with the intent to distribute controlled substances, 21 U.S.C. § 841(a)(1); and using and carrying a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1)(A). (Doc. No. 44.) Johnson has filed a response in opposition and accompanying exhibits. (Doc. Nos. 71, 72.) The Magistrate Judge held a hearing on the detention motion on February 4, 2019, at which the Court heard testimony and received documentary evidence. The Court has also considered the report of the Office of Probation and Pretrial Services.

For the following reasons and those stated on the record in the Court's February 4, 2019 hearing, the United States' motion for detention (Doc. No. 44) is DENIED. This order is STAYED pending review by the District Court.

### I.    Legal Standard

A defendant may be detained pending trial only upon the Court's finding that "no condition or combination of conditions will reasonably assure the appearance of the person as required and

the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). The Court's finding that no combination of conditions will reasonably assure the community's safety must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f)(2)(B). A finding of risk of flight must be supported by a preponderance of the evidence. *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004). "The default position of the law . . . is that a defendant should be released pending trial." *United States v. Stone*, 608 F. 3d 939, 945 (6th Cir. 2010); *see also United States v. Salerno*, 481 U.S. 739, 755 (1987) ("In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception.")

This default position is altered when probable cause has been established to believe that the defendant has committed one of the offenses specified in 18 U.S.C. § 3142(e)(3). *United States v. Stone*, 608 F.3d 939, 945 (2010). For these enumerated offenses, the rebuttable presumption is that no condition or combination of conditions will reasonably assure the defendant's appearance or the safety of the community. 18 U.S.C. § 3142(e)(3). This presumption imposes a "not heavy" burden of production on the defendant, which may be met by the introduction of "at least some evidence" that he does not present a danger to the community or a risk of flight. *Stone*, 608 F.3d at 945. If the defendant's burden is met, "'the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court.'" *Id.* (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Because the presumption reflects Congress's judgment that "particular classes of offenders should ordinarily be detained prior to trial," it falls to the defendant to "'present all the special features of his case' that take it outside 'the congressional paradigm[.]" *Id.* (quoting *United States v. Jessup*, 757 F.2d 378, 384 (1st Cir. 1985)).

In determining whether there are conditions of release that will reasonably assure the defendant's appearance and the safety of any other person and the community, the Court must consider the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; (4) whether the defendant was on probation, parole, or other release at the time of the current offense; and (5) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

## II. Findings of Fact

The United States offered evidence in support of its motion through the testimony of Federal Bureau of Investigation Special Agent Carla Rexing. Agent Rexing's testimony was based on the ongoing investigation in which she is the lead agent of a drug trafficking organization alleged to be headed by Johnson's co-defendant LaSean Campbell, Jr. Rexing testified that the Campbell drug trafficking organization has been involved in multiple shootings, one resulting in death, as part of a drug territory war. Specifically, Rexing testified to three shootings taking place in May and June 2018 in which Campbell has been identified as a suspect or which have been linked to a firearm recovered from Campbell's home. Rexing testified that text messages exchanged between Campbell and Johnson were recovered as part of the investigation of the May 2018 shooting. Rexing did not testify that Johnson is alleged to have been present at those shootings and confirmed that he has not been charged in their prosecution.

Johnson's charges in this Court arise from the arrest of three people during the service of a warrant at a residence alleged to be a drug stash house on May 7, 2018. Rexing was present for the arrest and testified from her personal knowledge. Rexing testified that agents observed three people in a vehicle outside the residence. As agents took the occupants into custody, Johnson fled

3

on foot and was observed discarding approximately $6,000.00 in cash before he was apprehended. Agents recovered three guns from the vehicle, including one under the seat where Johnson had been sitting, and quantities of marijuana and heroin. A quantity of cocaine was also recovered from Johnson's person.

Johnson was again arrested on September 12, 2018, and charged in state court with two counts related to drug possession.[1] Rexing testified based on her review of reports from the officers who investigated that offense that Johnson was apprehended in a traffic stop during which quantities of pills, marijuana, and heroin were recovered from his vehicle. A Glock firearm with an extended magazine storing hollow-point bullets was also recovered. Rexing testified that Johnson admitted his ownership of the firearm. These charges have been bound over to the grand jury.

Rexing testified that Johnson's criminal history also shows that he was arrested on January 10, 2017, and charged in state court with five counts related to the possession with intent to distribute controlled substances. Johnson was again arrested on September 12, 2017, and again charged in state court with six counts related to drug trafficking. Disposition of the charges from both arrests remains pending.

Rexing testified that Johnson has been on pretrial bond release for his state court charges since the January 10, 2017 arrest. That bond was amended on November 15, 2018, to include drug testing, a curfew, and GPS monitoring. The United States introduced records of GPS monitoring that Rexing testified show that Johnson was not at his residence by his 6:00 p.m. curfew on three occasions: December 15, December 22, and December 30, 2018. Rexing testified that there was

---

[1] The Pretrial Services Report states that Johnson is also charged with being a felon in possession of a firearm. As Johnson's counsel argued, Johnson does not have any prior felony or misdemeanor convictions.

no record of Johnson's location at curfew on January 4, 2019, because the battery in his monitoring device had too little power. Johnson's monitoring stopped when he was arrested on the current federal charges on January 11, 2019. The GPS monitoring records were admitted into evidence, as was the amended bond order. (Gov't. Ex. 1, 2.)

Regarding the January 11, 2019 arrest, Rexing testified that, when FBI agents announced their arrival at Johnson's home and ordered him to exit the residence, Johnson did not comply. A SWAT team entered the residence and removed Johnson. Finally, Rexing testified that cell phones recovered as part of her ongoing investigation revealed conversations between Johnson and his employer at First Chance Furniture, Chance Holt, in which Johnson and Holt discuss drug trafficking.

Johnson offered proof by proffer that the GPS data had been presented to Davidson County Criminal Court Judge Mark Fishburn in a hearing held on January 9, 2019. Judge Fishburn reviewed the data and did not find reason to revoke Johnson's bond. Johnson's counsel also pointed out that the amended bond order states that Johnson is on house arrest and subject to a curfew "if not working." (Gov't. Ex. 2.) Rexing testified that she did not know if Johnson's three missed curfews were due to his employment. Johnson also filed a letter from Tennessee Recovery and Monitoring, which provided the GPS monitoring, which states that, during the 75 days Johnson was enrolled in the monitoring program, he was compliant with its rules. (Doc. No. 72-1.) Finally, Johnson offered a letter from Chance Holt stating that Johnson could return to his employment at First Chance Furniture if released before trial. (Doc. No. 72-2.)

Johnson offered the testimony of his mother, Shatika Johnson. Johnson's mother testified that, before his arrest, her son lived with her and his three siblings in a home she moved her family to in June 2018 in an attempt to remove Johnson from violence and his association with drugs.

5

Johnson's mother stated that Johnson has a one-year-old daughter and a five-year-old son; she cares for her grandson at least five days a week. Johnson's mother testified that Johnson was addicted to drugs until his state bond was amended to require drug testing. All of Johnson's drug screens since that time have been negative. She also testified that Johnson has never missed a court hearing. On cross-examination, Johnson's testified that she has not previously been fully informed of the terms of her son's state court pretrial release, but that she has "talked and talked" with him about his drug arrests. She stated that Johnson and Campbell played football together in high school and had remained close, but that Johnson's relationship with Campbell had cooled since the family moved. Johnson's mother stated that she would be willing to serve as a third-party custodian for her son if he is placed on pretrial release and would ensure that she understood all conditions imposed.

### III. Analysis

The Court considers this evidence in the framework prescribed by 18 U.S.C. § 3142. First, the Court finds that, because Johnson has been indicted on two counts of drug offenses under Title 21 that carry a maximum prison term of twenty years, the rebuttable presumption of pretrial detention applies. 18 U.S.C. § 3142(e)(3)(A). The Court finds that Johnson has met his burden to produce "some evidence" to refute that presumption. *Stone*, 608 F.3d at 945. The burden of persuasion therefore remains with the United States to show by clear and convincing evidence that there is no combination of conditions of pretrial release that would assure the safety of the community, 18 U.S.C. § 3142(f)(2)(B), or by a preponderance of the evidence that Johnson presents a risk of flight that similarly cannot be mitigated, *Hinton*, 113 F. App'x at 77.

### A. The Nature And Circumstances Of The Offense Charged

Johnson is charged with conspiracy to possess with the intent to distribute controlled substances, possession with the intent to distribute controlled substances, and carrying a firearm in furtherance of drug trafficking. Testimony from Agent Rexing shows that the charged offenses arise out of an arrest in which Johnson was one of three occupants of a vehicle parked outside a residence where officers intended to serve a search warrant. Officers discovered three guns, cash, and quantities of heroin and marijuana in the vehicle. Johnson attempted to evade arrest by fleeing on foot and discarded approximately $6,000.00 in cash as he fled. Upon his apprehension, additional drugs were discovered on his person.

The rebuttable presumption of 18 U.S.C. § 3142(e)(3) reflects "'the belief of Congress that in the majority of serious Controlled Substance Act offenses, there is an increased risk of flight or danger to the community, and in particular, the danger that the defendant will resume drug trafficking activities while released.'" *United States v. Marcrum*, 953 F.Supp.2d 877, 883 (W.D. Tenn. 2013) (quoting *United States v. Williams*, 948 F.Supp. 692, 693 (E.D. Mich. 1996)). The nature of the alleged drug trafficking offenses therefore weighs in favor of detention. The testimony that a firearm was involved in this incident increases the likelihood of violence. The testimony that Johnson fled when officers initiated his arrest increases the likelihood of his future failure to appear.

The Court therefore finds that this factor weighs in favor of detention.

### B. Weight of the Evidence

This factor considers "the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *Stone*, 608 F.3d at 948. The United States offered no testimony that Johnson has committed violent acts, and Johnson has not been charged with any crimes of

violence. Although the United States offered testimony that LaSean Campbell has committed violent acts and that Johnson is Campbell's associate, that evidence does not sufficiently tie Johnson to the violence to be afforded more than minimal weight. The evidence of dangerousness is, therefore, primarily the categorical evidence that Johnson has engaged in drug trafficking offenses and the specific evidence that he has possessed firearms, including an extended magazine and hollow-point bullets, which Rexing identified as particularly dangerous.

This factor therefore weighs slightly in favor of detention.

### C. Johnson's History and Characteristics

Consideration of a defendant's history and characteristics includes his "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A). Johnson's criminal history shows that he has pending charges in three state court proceedings, all for drug-related offenses, but does not have any prior criminal convictions. Johnson's mother testified that his ties to the community are strong. Johnson has a five-year-old son and a one-year-old daughter in whose lives he is closely involved. Several friends and family members appeared at the detention hearing to show their support for Johnson. Johnson introduced evidence that he has worked for First Chance Furniture since October 2018.

Johnson's mother testified that Johnson has had a problem with using drugs since he graduated from high school. She further testified, however, that the regular drug screens imposed as part of Johnson's state court pretrial bond have been effective in addressing his drug use. All of Johnson's drug screens since his monitoring began have been negative. Johnson's mother also testified that Johnson has never missed a court date. Finally, Johnson's mother testified that she

moved her family in June 2018 to get them away from negative and violent influences in their prior community. She stated that Johnson's relationship with Campbell has cooled significantly since that move.

Considering this evidence as a whole, this factor weighs against pretrial detention.

### D. Whether Johnson Was On Probation, Parole, Or Other Release At The Time Of The Current Offense

Johnson has been on pretrial release for his state court charges since January 2017 and was on pretrial release for those charges and his September 2017 state court charges at the time of the current offense and his subsequent September 2018 arrest. That fact casts doubt on Johnson's ability to follow this Court's pretrial release conditions. In considering this factor, however, the Court also takes into account evidence of Johnson's ability to abide by the conditions of his pretrial release since those conditions were increased to include drug testing and GPS monitoring in November 2018. After being placed on more stringent conditions, Johnson has had no positive drug screens and was found by the state court to be in compliance with his curfew and GPS monitoring requirements. This evidence tends to show that there are conditions of pretrial release that will reasonably control Johnson's risk of flight or danger.

This factor is therefore neutral in the Court's analysis.

### E. Nature And Seriousness Of The Danger Presented

The United States offers two arguments that Johnson's pretrial release would present a danger to the community that cannot be controlled by conditions. First, the United States argues that the drug trafficking organization with which it affiliates Johnson is violent and that Johnson's possession of firearms, an extended magazine, and hollow-point bullets show that he has the capacity to be violent himself. Second, the United States argues that Johnson's three arrests while on pretrial release for state court charges and in violation of his condition that he not possess any

firearms shows that he is unable to abide by conditions of release. The United States also points to testimony that Johnson fled on foot during his May 2018 arrest and did not immediately come out of his house to be arrested in January 2019, necessitating a SWAT entering the home to remove him, as demonstrating that he would present a risk of flight if released.

Johnson argues in response that there are no convictions in his criminal history and that he has been charged only with a drug possession offense since his mother moved their family in June 2018. Johnson also states that the state court has addressed his drug use through the enhanced conditions of his release, with which Johnson has complied. Finally, Johnson points to the pretrial release of his co-defendant Keesean Campbell, who is charged identically in this action and has not been detained.[2]

Taking all of these factors into consideration with the parties' arguments and the Pretrial Services Report's recommendation of detention, the Court finds the United States has not met its burden to show by clear and convincing evidence as to violence or by a preponderance of the evidence as to flight that there are not conditions of pretrial release that can mitigate the risk of harm Johnson's pretrial release might present. The Court finds most persuasive in reaching its decision the fact that Johnson has responded well to enhanced conditions in his state-court pretrial release and that similarly strict conditions may be applied by this Court. These are "special factors" unique to Johnson that take his case outside the "Congressional paradigm" reflected by the rebuttable presumption of detention and weigh in favor of release. *Stone*, 608 F.3d at 945. Specifically, the Court finds that the following combination of conditions, in addition to the

---

[2] Although Johnson and Keesean Campbell are charged identically here, Keesean Campbell's Pretrial Services Report showed that he had only one other pending state-court charge at the time of his arrest in this action.

Court's standard conditions, will reasonably assure Johnson's appearance and mitigate any risk of danger:[3]

Johnson will be in the third-party custody of his mother, who has testified that she will be sure that she understands and enforces all of the conditions of Johnson's release;

Johnson will seek verifiable employment with a new employer;

Johnson will not obtain a passport or other international travel document;

Johnson's travel will be restricted to the Middle District of Tennessee unless otherwise approved in advance;

Johnson must avoid all contact, directly or indirectly, with any witness or victim in the investigation or prosecution of this case, including all co-defendants;

Johnson must not possess a firearm, destructive device, or other weapon;

Johnson must not use or unlawfully possess a narcotic drug unless prescribed by a licensed medical practitioner;

Johnson must submit to random drug testing;

Johnson must participate in inpatient or outpatient substance abuse therapy and counseling if directed by Pretrial Services;

Johnson will be on a home curfew from 6:00 p.m. to 7:00 a.m., or as otherwise required by his employment;

Johnson will submit to location voice monitoring, in addition to the GPS monitoring imposed by the state court;

Johnson will report any contact with law enforcement to Pretrial Services; and,

---

[3] These conditions are set out in full in the order of pretrial release entered by the Court on February 4, 2019.

Johnson will allow Pretrial Services to visit him at home or elsewhere and to confiscate any contraband observed in plain view during those visits.

IV.     **Conclusion**

For these reasons and those stated on the record at the February 4, 2019 detention hearing, the United States' motion for detention (Doc. No. 44) is DENIED.

The United States made an oral motion to stay this order pending review by the District Judge. That motion is GRANTED. This order is STAYED pending review and further order of the Court.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge